**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

               Plaintiff,        **Case No. 13-20568**

  -v-

DONALD CROFT, D-1,

               Defendant.

_____/

**PLEA HEARING**

BEFORE THE HONORABLE **GERALD E. ROSEN**
United States District Judge
Theodore Levin United States Courthouse
231 West Lafayette Boulevard
Detroit, Michigan
**February 20, 2014**

APPEARANCES:

FOR THE PLAINTIFF:    MATTHEW A. ROTH
                        U.S. Attorney's Office
                        211 W. Fort Street
                        Suite 2001
                        Detroit, MI 48226

FOR THE DEFENDANT:    LAWRENCE B. SCHULMAN
                        Flood Law PLLC
                        401 North Main Street
                        Royal Oak, MI 48067

**To Obtain a Certified Transcript Contact:**
Christin E. Russell, RMR, CRR, FCRR, CSR - (248) 420-2720
Proceedings produced by mechanical stenography.
Transcript produced by computer-aided Transcription.

<u>TABLE OF CONTENTS</u>

<u>Hearing</u>                                                                    <u>Page</u>

   Defendant Sworn                                                      5

<u>Exhibits:</u>
                    (None Offered.)

   CERTIFICATE OF REPORTER                                 34

PLEA HEARING - 2/20/2014                    3

 1   Detroit, Michigan
 2   February 20, 2014
 3   10:40 a.m.
 4                *              *              *
 5            THE CLERK:  Now calling case 13-20568, Defendant No.
 6   1, United States of America vs. Donald Croft.
 7            THE COURT:  Good morning.  Appearances, please.
 8            MR. ROTH:  Good morning, your Honor.  Matthew Roth on
 9   behalf of the United States.
10            MR. SCHULMAN:  Good morning, your Honor.  Larry
11   Schulman on behalf of Mr. Croft.
12            THE COURT:  All right.  I understand that following
13   our session last time, the parties have reached agreement on a
14   plea agreement.
15            MR. ROTH:  That's correct, your Honor.  My
16   understanding --
17            THE COURT:  Correct?
18            MR. SCHULMAN:  Yes.
19            MR. ROTH:  -- the defendant is willing to plead to
20   Count 2 of the First Superseding Information, which is
21   possession of child pornography.  Upon a sufficient factual
22   plea and ultimate sentence by this Court, the Government agrees
23   to then dismiss Count 1, that being receipt of child
24   pornography.
25            THE COURT:  All right.  I don't have the entire plea

1    agreement here.

2            MR. ROTH:  That's correct.  I was going to indicate to

3    the Court that defense counsel has represented that the

4    defendant wishes to plead without the benefit of a Rule 11.

5    Under normal circumstances, the Government would send a letter

6    to the Court outlining the facts and the mandatory minimums,

7    but defense counsel had some difficulty meeting with his client

8    yesterday, and we weren't notified until today that he was

9    actually going to enter the plea.

10           So I provided the Court with the couple, first couple

11   pages of the Rule 11 that was exchanged between defense counsel

12   and I.  Defense counsel has been made aware the Court has been

13   provided it.

14           THE COURT:  I do have that, which it includes the

15   factual basis.

16           MR. ROTH:  That's correct, your Honor.  It's just

17   meant to help, to guide the Court taking of the plea.

18           I would indicate I handwrote on the factual basis

19   portion of that the paragraph that I believe applied to Count 1

20   in the paragraph that applied to Count 2.  Since he's pleading

21   only to Count 1 --

22           THE COURT:  I'm sorry.  To Count 1 or Count 2?

23           MR. ROTH:  I'm sorry.  Pleading to Count 2, I don't

24   believe it's necessary for the Court to go through the --

25           THE COURT:  Factual basis on Count 1?

 1          MR. ROTH:  For the Count 1 section, that's correct,

 2    your Honor.

 3          THE COURT:  All right.  I guess we'll start the formal

 4    proceeding, but I'm going to want to make sure Mr. Schulman,

 5    that you and Mr. Croft have had an opportunity to fully discuss

 6    this, including the decision not to plead pursuant to a plea

 7    agreement.  Okay?

 8          MR. SCHULMAN:  Absolutely, your Honor.

 9          THE COURT:  All right.  Mr. Croft, would you raise

10    your right hand for me, please?  Thank you.

11       (Defendant is sworn, 10:56 a.m.)

12          THE COURT:  Do you understand you're under oath?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Do you understand that means you're sworn

15    to tell the truth?

16          THE DEFENDANT:  I do, your Honor.

17          THE COURT:  Do you understand if you do not tell the

18    truth, you can be prosecuted for perjury, separately and

19    independently, from the crime you're here to plead guilty to?

20          THE DEFENDANT:  I do understand.

21          THE COURT:  Okay.  I am going to be advising you of

22    rights that you have as a defendant charged here in federal

23    court with a serious felony.  It's very important that you

24    understand everything that I say to you and every question that

25    I ask you.  Okay?

```
 1            THE DEFENDANT:  Yes, sir.
 2            THE COURT:  If, at some point, you don't understand
 3   something, I'd like you to stop me and ask me to explain it, or
 4   you may consult with Mr. Schulman at any time.  Okay?
 5            THE DEFENDANT:  Okay.
 6            THE COURT:  All right.  So if you answer my questions,
 7   Mr. Croft, I'm going to assume two things.  First, I'm going to
 8   assume that you have understood the question, because you've
 9   told me that if you don't understand something, you'll ask me
10   to explain it or confer with Mr. Schulman.  Okay?
11            THE DEFENDANT:  Absolutely.
12            THE COURT:  And secondly, I'm going to assume you're
13   telling me the truth, because you've told me you understand
14   you're testifying under oath.  Okay?
15            THE DEFENDANT:  Yes, sir.
16            THE COURT:  All right.  Let me get some background
17   information about you.
18            How old are you, sir?
19            THE DEFENDANT:  Forty-six.
20            THE COURT:  And your marital status?
21            THE DEFENDANT:  Divorced.
22            THE COURT:  Any children?
23            THE DEFENDANT:  One daughter, 17.
24            THE COURT:  At the time of your arrest, were you
25   employed?
```

PLEA HEARING - 2/20/2014

```
 1              THE DEFENDANT:  Self-employed.

 2              THE COURT:  As?

 3              THE DEFENDANT:  A photographer.

 4              THE COURT:  Are you an American citizen?

 5              THE DEFENDANT:  I am.

 6              THE COURT:  And how far have you gone in school?

 7              THE DEFENDANT:  Bachelor's degree, Ferris State

 8   University, and Associate's, same school.

 9              THE COURT:  And you read and write English?

10              THE DEFENDANT:  I do.

11              THE COURT:  Any military experience?

12              THE DEFENDANT:  No, sir.

13              THE COURT:  All right.  Next several questions are

14   intended to allow me to make a determination as to whether

15   you're competent or not, and by "competent," I mean able to

16   understand my questions, and understand advice from Mr.

17   Schulman, to understand the charge against you, or whether you

18   have any serious physical, mental, emotional or psychological

19   problems.  Okay?

20              THE DEFENDANT:  Okay.

21              THE COURT:  All right.  Are you taking any medication?

22              THE DEFENDANT:  Just Motrin for pain, sir.

23              THE COURT:  Okay.  Have you had any alcohol in the

24   past 24 hours?

25              THE DEFENDANT:  No, sir.
```

1          THE COURT:  And any drugs of any kind?

2          THE DEFENDANT:  None.

3          THE COURT:  Diagnosed with any serious physical,

4    mental, emotional, psychological illnesses or problems in the

5    last couple years?

6          THE DEFENDANT:  No.

7          THE COURT:  How do you feel today?

8          THE DEFENDANT:  Good.

9          THE COURT:  Any trouble understanding me?

10         THE DEFENDANT:  No, sir.

11         THE COURT:  Any trouble understanding Mr. Schulman?

12         THE DEFENDANT:  No.

13         THE COURT:  All right.  I find you competent and we

14   will go forward here.

15         Has Mr. Croft been arraigned on the superseding?

16         MR. ROTH:  Yes, your Honor.

17         THE COURT:  Okay.  I'd like to direct these questions

18   to both Mr. Croft and Mr. Schulman.  We are proceeding here

19   pursuant to a superseding information --

20         MR. SCHULMAN:  Yes.

21         THE COURT:  -- as opposed to an indictment.  And, Mr.

22   Croft, let me just spend one brief moment indicating why that's

23   significant.

24         Under the Constitution, you have a right to require

25   the Government to seek charges from a grand jury, which is a

 1    group of 23 citizens.  The Government is not, under our
 2    Constitution, entitled to charge a felony on its own.  It must
 3    go to a grand jury.  However, with the agreement of the
 4    defendant and counsel, the Government can proceed on its own
 5    charge through what's called an "information," which is a
 6    criminal charge, but the charge is brought by the prosecutor
 7    and not by the grand jury.
 8           So I see here, you have both acknowledged receipt of
 9    the information and signed a waiver of indictment.  And what
10    that means is by signing this waiver of indictment, you are
11    agreeing to proceed on the information, rather than requiring
12    the Government to go to a grand jury to prove the charges in
13    the information.
14           If the Government were required to go to the grand
15    jury, it would be required to prove to the grand jury that
16    there was probable cause to believe that a crime had been
17    committed and probable cause to believe that you were involved
18    in the commission of that crime.
19           Do you understand what an information is, as opposed
20    to an indictment, and that agree -- by proceeding on the
21    information, you're waiving your right to require the
22    Government to seek indictment from the grand jury?
23           THE DEFENDANT:  I do, your Honor.
24           THE COURT:  Okay.  And that's how you wish to proceed
25    here today?

1           THE DEFENDANT:  I do.  Yup.

2           THE COURT:  Okay.  Very good.

3           Let me then begin by advising you of two general

4    rights you have, and then we will move to more specific

5    matters.

6           First, you have the right to remain silent generally,

7    as a general right under the Fifth Amendment of the

8    Constitution, which means that you're under no obligation to

9    come in here and plead guilty.  You have a right to require the

10   Government to go to trial and establish your guilt at trial.

11          Do you understand your right to remain silent, and do

12   you understand that by pleading guilty, you are giving up or

13   waiving this right?

14          THE DEFENDANT:  I do, your Honor.

15          THE COURT:  Do you also understand that if you wanted

16   to go to trial, you would have a right to have a lawyer

17   represent you at trial.  If you could not afford a lawyer, I

18   would appoint one to represent you, and the government would

19   pay for that lawyer.

20          So by proceeding on the Information as we've

21   discussed, you are giving up your right to go to trial, have a

22   lawyer represent you at trial, paid for by the government if

23   that were necessary.  Do you understand that?

24          THE DEFENDANT:  I do, your Honor.

25          THE COURT:  Now, I have to make inquiry into your

1    relationship with Mr. Schulman, to ensure that you are

2    satisfied with his representation of you, with the advice that

3    you've received, and to have him represent you here as you

4    tender your guilty plea.

5             We've already discussed that you're proceeding by

6    information.  You're going to be pleading guilty to Count 2.

7    Have you had a chance to go through with Mr. Schulman the

8    charge in Count 2 in the superseding information?

9             THE DEFENDANT:  I have, sir.

10            THE COURT:  Has he explained it to you?

11            THE DEFENDANT:  He did.

12            THE COURT:  Did you have a chance to ask him questions

13   about it?

14            THE DEFENDANT:  I did.

15            THE COURT:  And did he answer those questions to your

16   satisfaction?

17            THE DEFENDANT:  Yes, sir.

18            THE COURT:  So you're confident you have fully

19   discussed the charge and had it explained to you by your

20   counsel, and that you understand it?

21            THE DEFENDANT:  I do, yes.  He did.

22            THE COURT:  Now, Mr. Schulman has indicated that

23   you've decided to proceed here without the benefit of what we

24   call a Rule 11 plea agreement.

25            Have you had a chance to discuss with Mr. Schulman the

 1  advantages and disadvantages of proceeding with a plea

 2  agreement and without a plea agreement?

 3           THE DEFENDANT:  I did, yes.

 4           THE COURT:  Okay.  And you've received his advice on

 5  this?

 6           THE DEFENDANT:  I did.

 7           THE COURT:  And did you have a pretty full discussion,

 8  ask him all of the questions that you wanted to ask him?

 9           THE DEFENDANT:  Yes, sir.

10           THE COURT:  And did he answer those questions to your

11  satisfaction?

12           THE DEFENDANT:  He did.

13           THE COURT:  All right.  And this is how you want to

14  proceed.

15           As you know from our previous proceedings, the

16  Government has offered you a plea agreement, which had some

17  advantages to you, and probably some disadvantages.  And you

18  wish to proceed here, straight up, without the benefit of a

19  plea agreement; is that right?

20           THE DEFENDANT:  I do, yeah.

21           THE COURT:  Okay.  All right.  Are you satisfied with

22  the advice you've received from Mr. Schulman in this case?

23           THE DEFENDANT:  I am.

24           THE COURT:  Are you satisfied with his representation

25  of you in general?

PLEA HEARING - 2/20/2014

1           THE DEFENDANT:  I am.

2           THE COURT:  Do you have any complaints about Mr.

3    Schulman's representation of you in this case that you want to

4    bring to my attention here today?

5           THE DEFENDANT:  No, not that I'm aware of.  No.

6           THE COURT:  All right.  So I assume from your answers

7    that you're satisfied to have Mr. Schulman represent you here

8    today, as you tender a guilty plea to Count 2 of the

9    superseding information?

10          THE DEFENDANT:  I am.

11          THE COURT:  All right.  You understand this is a

12   serious crime?

13          THE DEFENDANT:  I do, sir.

14          THE COURT:  It's a felony.  If you are convicted of

15   this crime, you will lose certain valuable civil liberties that

16   we have in this country, such as the right to serve on a jury,

17   the right to vote, right to hold public office, and the right

18   to own or possess a firearm.  Do you understand that?

19          THE DEFENDANT:  I do, your Honor.

20          THE COURT:  Okay.  Let me just read to you the charge,

21   to make sure you understand it.  Then I will go over with you

22   the statutory penalties that apply to this charge.  We'll

23   then -- I don't know.

24          Has the Government and defense talked about potential

25   guidelines, even though there's not a plea agreement?

```
 1              MR. ROTH:  Yes, your Honor.  Yes, we have, your Honor.
 2    I believe that both parties have very different calculations
 3    with respect to the guidelines.
 4              THE COURT:  Well, let's talk about that once we get
 5    through the charge.  Okay?
 6              MR. ROTH:  Very well, your Honor.
 7              THE COURT:  You're charged in Count 2 of the
 8    Information as follows:
 9              That on or about February 21st, 2012, here in the
10    Eastern District of Michigan, that you knowingly possessed one
11    or more computer hard drive and SD cards which contained child
12    pornography, as defined in Title 18 of the United States Code,
13    Section 2256(8), including but not limited to visual depictions
14    of real minors engaged in sexually explicit conduct that has
15    been shipped or transported using any means and facility of
16    interstate and foreign commerce, has been shipped and
17    transported in and affecting interstate and foreign commerce,
18    and was produced using materials that had been mailed, shipped
19    and transported, in and affecting interstate foreign commerce
20    by any means.  And this would be a violation of Title 18 of the
21    United States Code, Section 2252A(5)(b).
22              Do you understand the charge?
23              THE DEFENDANT:  If I could, your Honor, could I talk
24    to my attorney real quick?
25              THE COURT:  Mh-hm.
```

```
 1            (Brief pause.)

 2            THE DEFENDANT:  Yes.

 3            THE COURT:  Do you understand the charge?  Okay.

 4       This charge carries with it certain statutory

 5  penalties.

 6            Mr. Roth, you don't have a -- usually I have these

 7  spelled out.  Let me see if it's on the --

 8            MR. ROTH:  It should be on the cover of the --

 9            THE COURT:  Yeah.  That's where I was going.

10            Up to ten years of incarceration.  There is no

11  mandatory minimum?

12            MR. ROTH:  Correct, your Honor.

13            THE COURT:  There is a term of supervised release of

14  not less than five years as to Count 2.  There is a maximum

15  fine of up to $250,000, no minimum fine.  Those are the

16  statutory terms.

17            And we will discuss potential guideline issues,

18  although because there is no plea agreement, the guideline

19  issues would be for purposes of just putting this on the record

20  and advisory and not binding to either party or the Court.

21  Okay?

22            THE DEFENDANT:  Yes.

23            THE COURT:  All right.  I want to go over with you now

24  the rights that you would have if you were to decide to

25  continue your plea of not guilty and go to trial.  These are
```

1    rights that you would have at trial.  I want to make sure you

2    understand each of these rights, and make sure that you

3    understand that by pleading guilty, you're waiving them and

4    giving them up.

5            As I told you, you have the right to plead not guilty

6    and go to trial.  If you went to trial, you would have the

7    right to have a jury hear the evidence and determine whether

8    the Government had proven you guilty.  Do you know what a jury

9    is?

10           THE DEFENDANT:  I do.

11           THE COURT:  Citizens come in, they sit over there.

12   They listen to the evidence and they decide, not me, whether

13   the Government has proven you guilty.  So by pleading guilty,

14   you're giving up your right to a jury trial.  Do you understand

15   that?

16           THE DEFENDANT:  I do.

17           THE COURT:  Do you also understand that if you went to

18   trial, you would be presumed innocent of this charge.  And that

19   means that I would instruct the jury that as the trial begins,

20   they must assume you are innocent; that it's up to the

21   Government to prove you guilty; and that you have no obligation

22   whatsoever to prove anything to the jury, and certainly no

23   obligation to prove to the jury that you're innocent.

24           Do you understand the presumption of innocence and

25   understand that by pleading guilty, you're giving it up?

 1              THE DEFENDANT:  I do, your Honor.

 2              THE COURT:  Do you also understand that if you went to

 3      trial, the Government would be required to prove your guilt

 4      beyond a reasonable doubt.  That's a very high standard of

 5      proof.  And just so you understand how high that standard is, I

 6      instruct jurors that a reasonable doubt is the kind of a doubt

 7      that would cause them to hesitate to act in making the most

 8      important decisions in their own lives.  So by pleading guilty,

 9      you're giving up the right to require the Government to meet

10      that very high standard of proof.

11              Do you understand that?

12              THE DEFENDANT:  I do, your Honor.

13              THE COURT:  Do you also understand that if you went to

14      trial, you and Mr. Schulman would have the right to come to me

15      to seek an order, which is known as a subpoena, to have

16      witnesses brought in or to testify, and Mr. Schulman on your

17      behalf would have the right to question and to confront those

18      witnesses.  This would include people who had given evidence to

19      the Government against you, as well as anybody who you think

20      might be able to help you.

21              Both of these types of witnesses could be brought in.

22      They would be ordered to testify under oath, and as I said, Mr.

23      Schulman would have the right to question and confront them on

24      your behalf.

25              Do you understand this right, and understand that by

1   pleading guilty, you're giving it up?

2          THE DEFENDANT:  I do, your Honor.

3          THE COURT:  I told you a few moments ago you had a

4   general right to remain silent, and I told you also that you

5   would be presumed innocent at trial.

6          Because you are presumed innocent, that right to

7   remain silent carries over to trial, which means you would have

8   the right to go to trial, and you would not be required to

9   testify or even put on any evidence.  And if you did that, I

10  would instruct the jury that it was your absolute right to do

11  that, and that they could not hold that against you.  In fact,

12  I tell jurors that they cannot say to themselves words to the

13  effect, "he must have done something wrong or else he'd get up

14  on the stand and tell his side of the story."

15         So by pleading guilty, you're giving up your right to

16  go to trial, remain silent at trial, and not have that held

17  against you.  Do you understand that?

18         THE DEFENDANT:  I do, your Honor.

19         THE COURT:  On the other hand, if you wanted to go to

20  trial and testify in your own defense, you would have the

21  absolute right to be sworn under oath, take the stand, and to

22  tell the jury your side of the story.

23         So by pleading guilty, you're giving up the right to

24  testify in your own defense as well.  Do you understand that?

25         THE DEFENDANT:  I do, your Honor.

1        THE COURT:  All right.  Mr. Croft, I've now explained

2    to you all of the rights that you would have at trial.  Do you

3    have any questions about them?

4        THE DEFENDANT:  No, sir.

5        THE COURT:  Do you understand that by pleading guilty,

6    you're giving all of these rights up?

7        THE DEFENDANT:  I do.

8        THE COURT:  And this is how you wish to proceed now?

9        THE DEFENDANT:  I do, your Honor.

10        THE COURT:  All right.  So let me just take a moment

11    and tell you what the process will be after the hearing today,

12    assuming that we get through the hearing successfully.

13        I will direct you to the Probation Department for

14    preparation of what's called a presentence investigation

15    report.  A probation officer will be assigned to your case and

16    will interview you and conduct a very thorough investigation of

17    everything about you:  Your personal history, family history,

18    education, job history, any physical, mental, emotional

19    problems, substance abuse issues, financial history, everything

20    about you, including, of course, your criminal history.

21        So I don't know if you've had a chance to discuss with

22    Mr. Schulman your criminal history, if you've had any prior

23    convictions, but you should certainly do that before you go

24    down and have your interview with Probation, because your

25    sentencing guideline range will be the product of a number of

1  different factors, including, of course, criminal history.  So

2  any guidelines, or potential guidelines that Mr. Schulman may

3  have discussed with you, would be contingent upon known

4  criminal history.

5          And I think it's important that a defendant who pleads

6  guilty has a pretty good idea of how much time he may be

7  facing, but that can only happen if the defendant himself fully

8  discloses to his attorney his criminal history, so that his

9  attorney can assist him.  Okay?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Okay.  We don't have a rule agreement --

12  Rule 11 plea agreement, but I would appreciate it if counsel

13  would, on the record here, discuss what they've contemplated

14  and the areas of disagreement.

15          Mr. Roth?

16          MR. ROTH:  Thank you, your Honor.

17          I believe ultimately, Judge, the biggest difference

18  between our calculations is a cross-reference in the possession

19  of child pornography guidelines.  It's the Government's

20  position that that cross-reference based on the facts and

21  circumstances of this case will direct the Court to the

22  guidelines for production of child pornography.  So for

23  illustration purposes, the base offense level possession count

24  is 18, with the then variables to follow.  I believe the base

25  offense level, the base offense level for production, which was

1    where the cross-reference, if the Court finds is applicable,

2    will direct the Court to, is at 32.  So our, our position is

3    that --

4          THE COURT:  So the difference will be the base guide,

5    the base offense guideline of production versus possession?

6          MR. ROTH:  That would be the -- correct, your Honor.

7    I think it's essentially whether or not the cross-reference

8    would apply in this case.

9          I would also represent to the Court that because

10   possession of child pornography has a ten-year statutory max,

11   and the cross-reference would create a guideline range that

12   would be above 120 months, it's the Government's position at

13   this juncture -- and I say that because defense counsel and I

14   intend to work together and see if we can ultimately reach an

15   agreement as to whether that applies or doesn't.  Assuming we

16   don't, I would present to the Court that our position would be

17   that the guideline range in this case would be just 120 months.

18         THE COURT:  Okay.  So the anticipation, absent

19   agreement, of the parties, the Government's position is 120?

20         MR. ROTH:  Yes, your Honor.

21         THE COURT:  And, Mr. Schulman, what would be the

22   defense's position be?

23         MR. SCHULMAN:  Well, first of all, our position is --

24   again, I've explained to Mr. Croft that the guidelines are

25   advisory.  The offense he's tendering a plea to carries no

PLEA HEARING - 2/20/2014

1   mandatory minimum.  But our position is that the guidelines

2   should properly be scored as low as 37 to 46 months and that

3   the cross-reference for production does not apply.

4          THE COURT:  Cross, cross doesn't apply?

5          MR. SCHULMAN:  Yes, and some other enhancements.

6          THE COURT:  All right.  What I would like from counsel

7   at sentencing, or prior to sentencing, I would like if there's

8   an agreement, I'd like to know what the agreement is so that

9   there's no misunderstandings when we get to sentencing.  If

10  there's not an agreement, I would like a sentencing memoranda

11  from both counsel.

12         And would the Government intend then to put on

13  evidence at sentencing?

14         MR. ROTH:  I certainly think that at the, at the very

15  least, the Government would attach images to a sentence

16  memorandum to explain to the Court the justification for the

17  sentencing.

18         THE COURT:  I would imagine, and I'd like defense

19  counsel to confirm this, as both counsel know I've got some

20  background on the case from other pleas and other proceedings

21  that we've had here.  I would imagine that most of the

22  underlying facts would be stipulated to; that Mr. Croft, just

23  as an example, Mr. Croft took these images himself, no one else

24  took the photos; that the people in the, the young people in

25  the photos are real people; that they are minors, all of these

1    sort of foundational issues would be stipulated to, correct?

2          MR. ROTH:  Your Honor, my conversations with Mr.

3    Schulman, I don't think we have any factual disputes as far as

4    what the evidence is.  And our conversations have been really

5    the legal issues that ultimately we decided that there was, in

6    fact, Mr. Schulman decided I think that he thought it would be

7    best if essentially the Court was provided with respective

8    arguments and the Court made the call.  But I don't think

9    anybody is disputing whether the kids are real, what was found

10   on the computer.

11         THE COURT:  My only point is I'm trying to look ahead

12   a little bit to the sentencing hearing.  And if the Court has

13   to make any factual findings, that I'd like stipulations on

14   those factual findings.

15         MR. SCHULMAN:  I think that we'll be able to.  I think

16   what the Court hasn't heard, because it wasn't something that

17   probably has gone to extensively before this, Mr. Roth and I

18   have gone over the computer and talked about how things are

19   saved in image.  If it's not placed into the proper context, I

20   think the Court wouldn't have the ability to really see the

21   full picture.  So I'd like the opportunity to present that to

22   the Court, too.

23         We may either be able to stipulate to that, or may

24   require the presentation of some proofs, either in our

25   objection to the guidelines or --

```
1              THE COURT:  Certainly.

2              MR. SCHULMAN:  -- factual presentation by the

3    prosecutor.

4              THE COURT:  All right.  My only point is if I have to

5    make factual findings at sentencing to support whatever I

6    determine, I'd like to have a record on those factual findings

7    stipulated as far as possible.

8              MR. ROTH:  That shouldn't be a problem.

9              MR. SCHULMAN:  Right.  We'll streamline it for the

10   Court.

11             THE COURT:  Okay.

12             MR. SCHULMAN:  I think that issue is pretty well

13   defined.

14             THE COURT:  Thank you.

15             Mr. Croft, I've been discussing this with counsel.  I

16   want to make sure you understand what all of this means,

17   because this is obviously important to you.

18             What it means is I will decide at least the legal

19   issues at the sentencing hearing, which could have a fairly

20   dramatic impact on your sentence.  Do you understand that?

21             THE DEFENDANT:  I do, your Honor.

22             THE COURT:  All right.  And you understand that if you

23   were to go to trial, I would decide legal issues, but a jury

24   would decide any factual disputes.  Do you understand that?

25             THE DEFENDANT:  I do.
```

1          THE COURT:  So what you're really waiving here, in

2     waiving your right to trial, in addition to waiving the rights

3     that we've discussed, what you're really waiving is the right

4     to have the jury make factual determinations.

5          THE DEFENDANT:  I understand, your Honor.

6          THE COURT:  All right.  I just wanted to make sure

7     we're all on the same page.

8          THE DEFENDANT:  Sure.

9          MR. SCHULMAN:  Your Honor, could I add one, one part

10    of the agreement, too?  Because I don't think it's in place on

11    the record.

12         The Government had indicated its intention to seek an

13    indictment, well, I suppose it would be the primary indictment

14    on a charge of production.  And as part of this particular

15    plea, they are waiving and agreeing not to go to the grand jury

16    to seek that indictment.

17         THE COURT:  Well, that's, I think that's probably

18    clear.  We're proceeding here on an information, so I think --

19         MR. SCHULMAN:  I just want to place on the record,

20    too, that was part of the understanding.

21         THE COURT:  Assuming we go forward here and that Mr.

22    Croft is able to make out all of the elements when we discuss

23    his guilty plea, I think that will be self-evident that we're

24    proceeding on the Information, and I think jeopardy would

25    attach at that point.  Okay?

```
 1              MR. SCHULMAN:  Thank you.
 2              THE COURT:  All right.  Again, looking ahead at the
 3    sentencing, Mr. Roth, would the Government be objecting to any
 4    acceptance of responsibility reductions for Mr. Croft in view
 5    of the fact that he's not pleading pursuant to a Rule 11 and
 6    agreeing to all of the underlying claims that the Government
 7    would have against him?
 8              MR. ROTH:  No.
 9              THE COURT:  So he would be eligible for a three-level
10    reduction in acceptance of responsibility?
11              MR. ROTH:  That's our position, your Honor.
12              THE COURT:  Assuming he makes out -- accepts
13    responsibility here.
14              MR. ROTH:  Correct, your Honor.
15              THE COURT:  Okay.  And he's preserving his right to
16    appeal?
17              MR. ROTH:  My -- there is no agreement, if the Court
18    is inquiring whether this is a conditional plea of any sort,
19    there is no agreement between the parties.  I think by the very
20    fact that he is not bound to a Rule 11 agreement and has not
21    agreed to waive any appellate rights, by operation of law, he
22    is entitled to those.  But we have not discussed any issue with
23    respect to appeal --
24              THE COURT:  Okay.
25              MR. ROTH:  -- from the Government's perspective.
```

```
 1              THE COURT:  I think the answer is yes, he's preserving
 2     his appellate rights.  Okay?
 3              All right.  Anything else we need to put on the
 4     record, preliminary to moving to --
 5              MR. SCHULMAN:  I don't believe so, your Honor.
 6              THE COURT:  -- to a plea?
 7              THE DEFENDANT:  Your Honor?
 8              (Defendant conferring with Mr. Schulman.)
 9              THE COURT:  Ready?  All right.  Mr. Croft, other than
10     what we've discussed here, you don't have a plea agreement, but
11     we have discussed a number of underlying procedural agreements.
12     Has anybody promised you anything concerning either your plea
13     agreement or your sentence in order to get you to plead guilty?
14     And by anyone, I mean Mr. Schulman, Mr. Roth, any other
15     attorney, any government attorney, any government agent, me,
16     anyone?
17              THE DEFENDANT:  No, sir.
18              THE COURT:  Is anybody forcing you to plead guilty by
19     coercing you, threatening you, intimidating you or any member
20     of your family?
21              THE DEFENDANT:  No, your Honor.
22              THE COURT:  Has any, other than what we've discussed
23     here, has anybody told that you if you pled guilty, I would be
24     more lenient with you?
25              THE DEFENDANT:  No, sir.
```

PLEA HEARING - 2/20/2014

1    THE COURT:  Okay.  I just want to make sure that --

2    THE DEFENDANT:  I understand.

3    THE COURT:  -- first, there have been no promises made

4  to you by anyone concerning either, either your plea or your

5  sentence.  Is that true?

6    THE DEFENDANT:  True.

7    THE COURT:  And you are pleading guilty freely and

8  voluntarily; nobody is forcing you to do this by threatening

9  you, intimidating you, coercing you or any member of your

10 family.  Is that also true?

11   THE DEFENDANT:  That's true.

12   THE COURT:  Are you pleading guilty, sir, freely and

13 voluntarily?  This is your own decision?

14   THE DEFENDANT:  I am, your Honor.

15   THE COURT:  Are you pleading guilty because you are,

16 in fact, guilty of this crime?

17   THE DEFENDANT:  I am, your Honor.

18   THE COURT:  All right.  How do you plead to Count 2 of

19 the Information?

20   THE DEFENDANT:  Excuse me?

21   THE COURT:  How do you plead?

22   THE DEFENDANT:  Guilty.

23   THE COURT:  Tell me what you did, please.

24   THE DEFENDANT:  I did what it said I did in the

25 written -- do you want me to read it?

PLEA HEARING - 2/20/2014

```
 1              THE COURT:  No.  I'd like you to tell me in your own
 2   words what you did.
 3              THE DEFENDANT:  I knowingly possessed one or more
 4   computer hard drives and -- what?
 5              (Defendant conferring with Mr. Schulman.)
 6              THE DEFENDANT:  Okay.  I downloaded images that were
 7   child pornography and they were saved to my computer.
 8              THE COURT:  Did these images include visual depictions
 9   of real minor children?
10              THE DEFENDANT:  I believe so, your Honor.
11              THE COURT:  And did they depict these minor children
12   engaged in sexually explicit conduct?
13              THE DEFENDANT:  I believe they did, your Honor.
14              THE COURT:  And these images had been shipped or
15   transported using a means or facility of interstate or foreign
16   commerce, which would include a computer?
17              THE DEFENDANT:  It came in over the Internet.
18              THE COURT:  And the Internet, of course, would affect
19   interstate or foreign commerce, correct?
20              THE DEFENDANT:  As I understand it, yes, your Honor.
21              THE COURT:  And the images were produced using
22   materials that had been mailed or shipped or transported in a
23   way that they affected interstate or foreign commerce; is that
24   also correct?
25              THE DEFENDANT:  I'm not sure I understand the
```

UNITED STATES vs. CROFT, D-1 - 13-20568

1   question, your Honor.  They were downloaded off the Internet.

2   If that --

3            THE COURT:  Well, this focuses on the materials that

4   were used in the production originally, and whether those

5   affected interstate or foreign commerce.

6            THE DEFENDANT:  I'm not sure how they were produced,

7   your Honor.

8            THE COURT:  Okay.  Mr. Roth?

9            MR. ROTH:  Your Honor --

10           THE DEFENDANT:  -- make sense.

11           THE COURT:  I'm not sure this is an element anyway by

12   itself --

13           MR. ROTH:  I would agree, your Honor.

14           THE COURT:  -- to possession.

15           MR. ROTH:  There is two components to this case.  One

16   component is images that were described, and the other ones

17   were images that were found on the camera.  I believe he's

18   offering as his factual basis the images that were downloaded

19   off the Internet that depicted the real minors engaged in

20   sexually explicit conduct.  That factual basis does satisfy

21   Count 2 of the superseding information.

22           THE COURT:  Okay.  That raises one question for

23   sentencing.  Will the Government be proceeding at sentencing on

24   the images that were found on his camera?

25           MR. ROTH:  Like we do in all cases, we provide the

1   Court with all the information that we gathered during this

2   investigation, and present it to the Court so the Court can

3   make an informed decision as to the appropriate sentence.

4               THE COURT:  Okay.

5               MR. ROTH:  We would also just ask the Court to review

6   with the defendant venue, that I believe these were --

7               THE COURT:  Yes.  I'm sorry.  I should have done that.

8   And the date.

9               MR. ROTH:  Yes, your Honor.

10              THE COURT:  Did this occur February 21st, 2012?

11              THE DEFENDANT:  I believe so, your Honor.

12              THE COURT:  And did that occur -- did this occur here

13  in the Eastern District of Michigan?

14              THE DEFENDANT:  It did.

15              THE COURT:  All right.  I think with that, we have a

16  factual basis.

17              MR. ROTH:  The Government is satisfied, your Honor.

18  Thank you.

19              THE COURT:  All right.  So, Mr. Croft, based upon your

20  testimony here in court, I'm going to make two findings.

21  First, I am going to find your testimony is given freely and

22  voluntarily and is not the product of any coercion or duress.

23  Secondly, I am going to find that by your voluntary testimony,

24  you have now made out all of the elements of Count 2 that you

25  have now pled guilty to.  For both of those reasons I'm going

1    accept your guilty plea now.  Okay?

2         The other matters that we've discussed, of course, I

3    will take under advisement and await sentencing.  All right?

4         THE DEFENDANT:  Yes, sir.

5         THE COURT:  Sentencing will be May 28th at two p.m.,

6    here in this courtroom.

7         Two things, as I told you, I'm going to refer you now

8    to the Probation Department for the presentence investigation

9    in preparation of the presentence investigation report.

10        First, it's very important that you cooperate with the

11   probation officer in the investigation and preparation of the

12   report, because I will receive a copy of it, I will read it and

13   that's what I will use, of course, to decide what an

14   appropriate sentence will be, including, including the matters,

15   of course, that are presented here at the sentencing hearing.

16        Secondly, I asked you earlier if you can read and

17   write.  You said you could.

18        THE DEFENDANT:  Yes, sir.

19        THE COURT:  Mr. Schulman will make sure that you get a

20   copy of the presentence report well before the sentencing

21   hearing.  You should read it carefully.  It's obviously a very

22   important document.  If there's anything in it that you

23   disagree with or object to, you should raise those with Mr.

24   Schulman, and he will bring it to my attention so that we can

25   discuss it at the sentencing hearing.  Okay?

1            All right.  Anything further?

2            MR. ROTH:  No, your Honor.

3            MR. SCHULMAN:  No, your Honor.

4            THE COURT:  All right.  Thank you.

5            MR. SCHULMAN:  One thing, your Honor.  I, and I --

6    excuse me.  And I don't know if the Court can do it, but I've

7    had trouble, the Court indicated that, to the Marshals that

8    they would like Mr. Croft to be in town in Wayne County so I

9    can consult with him.  It's been very complex.  And we're going

10   to have some complex issues --

11           THE COURT:  Where is he now, Monroe?

12           MR. SCHULMAN:  They keep taking him back down to

13   Monroe.  I had some difficulty yesterday getting in to see him

14   after making the trip.  If there's any way that the Marshals

15   could keep him in Wayne County or closer, it would be

16   appreciated.

17           THE COURT:  Do we have any beds in Wayne County?

18           DEPUTY MARSHAL:  We have extremely limited space, your

19   Honor, at Dickerson, less than 40 beds.

20           THE COURT:  Can you see if you can accommodate Mr.

21   Croft and Mr. Schulman?

22           DEPUTY MARSHAL:  I'll make a request to supervision in

23   that section.

24           THE COURT:  All right.  Thank you.

25           THE CLERK:  All rise.

1        (Proceedings concluded, 11:30 a.m.)

2                        *        *        *

3

4                    **CERTIFICATE OF REPORTER**

5

6        As an official court reporter for the United States

7   District Court, appointed pursuant to provisions of Title 28,

8   United States Code, Section 753, I do hereby certify that the

9   foregoing is a correct transcript of the proceedings in the

10  above-entitled cause on the date hereinbefore set forth.

11

12

13              ___s/ Christin E. Russell___

14           CHRISTIN E. RUSSELL, RMR, CRR, FCRR, CSR

15              Federal Official Court Reporter

16

17

18

19

20

21

22

23

24

25