UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 13-cr-20568
Hon. Mark A. Goldsmith

vs.

DONALD RAYMOND CROFT,

    Defendant.
_____/

# OPINION & ORDER
# DENYING DEFENDANT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL (Dkt. 149)

On June 15, 2017, the Honorable John O'Meara entered an order, <u>inter alia</u>, denying Croft's motion for discovery in support of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Dkt. 132). Croft filed a motion for reconsideration (Dkt. 133), which Judge O'Meara also denied (Dkt. 137). Croft then apparently sought to appeal the denial of his discovery motion; on May 8, 2018, the Sixth Circuit issued an order stating that Croft could not appeal this decision because the district court had not certified an interlocutory appeal under 28 U.S.C. § 1292(b). <u>See</u> 5/58/2018 Order (Dkt. 148). Croft then filed the instant motion (Dkt. 149), asking the Court to certify that an interlocutory appeal of its ruling regarding Croft's discovery request is appropriate. For the following reasons, the Court denies Croft's motion.

A district court may certify a non-final order for interlocutory appeal if "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." <u>In re City of Memphis</u>, 293 F.3d 345, 350 (6th Cir. 2002) (citing 28 U.S.C. § 1292(b)). "Review under § 1292(b) is granted sparingly and only in exceptional cases." <u>Id.</u>

1

The Court's order regarding Croft's discovery request does not involve a controlling question of law. "A legal issue is controlling if it could materially affect the outcome of the case." Id. at 351. However, a legal question of the type envisioned in § 1292(b) "generally does not include matters within the discretion of the trial court." Id. "Pursuant to Rule 6 which accompanies 28 U.S.C. § 2255, it is within the district court's discretion to grant discovery in a habeas case upon a fact specific showing of good cause only." Sellers v. United States, 316 F. Supp. 2d 516, 523 (E.D. Mich. 2004). The Court exercised its discretion in denying Croft's request for discovery, and is therefore not the type of legal question envisioned in § 1292(b).

Nor does there exist a substantial ground for difference of opinion regarding the decision. A substantial ground for difference of opinion exists where (1) the question is difficult and novel; (2) the question is of first impression; (3) a difference of opinion exists within the circuit; or (4) there is a circuit split. See In re Miedzianowski, 735 F.3d 383, 384 (6th Cir. 2013). None of those circumstances exists here, where the Court applied well-settled law and determined that discovery was not warranted.

Finally, Croft has not shown that an interlocutory appeal would materially advance the termination of the litigation. Croft's § 2255 motion is fully briefed and awaits a decision from the Court. It would needlessly delay the proceedings for the Sixth Circuit to now take up the issue of discovery. If Croft finds the Court's decision unfavorable, he may appeal the district court proceedings in their entirety, including the denial of the motion for discovery.

Accordingly, Croft's motion for certification of interlocutory appeal (Dkt. 149) is denied.

SO ORDERED.

Dated: February 12, 2019　　　　　　　　　　　s/Mark A. Goldsmith
　Detroit, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 12, 2019.

> s/Karri Sandusky
> Case Manager