UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD RAYMOND CROFT,

        Petitioner,                    Case No. 13-cr-20568
                                                    Hon. Mark A. Goldsmith

vs.

UNITED STATES OF AMERICA,

        Respondent.
_____/

## OPINION & ORDER
## DENYING PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Dkt. 121)

This matter is before the Court on petitioner Donald Croft's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Dkt. 121). On September 16, 2014, Croft was sentenced to 120 months' imprisonment, followed by five years' supervised release, for possession of child pornography, 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). 9/18/2014 Judgment (Dkt. 62). The Sixth Circuit affirmed Croft's conviction on appeal, 9/8/2015 Opinion (Dkt. 96), and the Supreme Court denied Croft's petition for writ of certiorari, Croft v. United States, 136 S. Ct. 1478 (Mar. 21, 2016). Croft then filed the instant motion seeking relief under 28 U.S.C. § 2255.[1] For the reasons that follow, the Court denies Croft's motion.

### I.    BACKGROUND

Croft was charged with receipt of child pornography, 18 U.S.C. § 2252A(a)(2); and possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B). 1st Superseding Information (Dkt. 16); see also Waiver of Indictment (Dkt. 21). Croft pleaded guilty to possession of child pornography, without a Rule 11 Plea Agreement, on February 20, 2014.

---

[1] When Croft filed his reply brief in support of his motion, he also filed a motion for leave to file a reply brief in excess of the page limit (Dkt. 146). The Court grants that motion.

1

At his plea hearing, Croft admitted that he "downloaded images that were child pornography and they were saved to my computer." 2/20/2014 Hr'g Tr. at 29 (Dkt. 81). Croft agreed that these images "depict[ed] minor children engaged in sexually explicit conduct." Id. However, a search a Croft's home had revealed that he operated a photography studio, where Croft paid the mothers of girls to allow him to photograph their daughters nude or nearly nude. "The identified victims ranged in age from three to fourteen. Photos stored on Croft's cameras showed these victims posed in outfits such as high-heeled knee-high boots, fishnet stockings, thongs, or only body paint." 9/8/2015 6th Cir. Op. at 1 (Dkt. 96). At sentencing, Croft clarified that while he admitted to possessing child pornography that was downloaded from the internet, his position was that photographs of young girls that he took himself did not constitute child pornography. 9/16/2014 Sentencing Tr. at 10 (Dkt. 82). He therefore contested the Government's request for application of a cross-reference in the Sentencing Guidelines to U.S.S.G. § 2G2.1, which would result in a higher offense level if the Court found that Croft caused minors to engage in sexually explicit conduct for the purpose of producing a visual depiction. Judge Rosen found that Croft had engaged in such conduct, and therefore applied the cross-reference. Id. at 34. Croft was sentenced to 120 months' imprisonment, the statutory maximum sentence.

## II. STANDARD OF REVIEW

This motion is brought pursuant to 28 U.S.C. § 2255, which provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). Non-constitutional errors are generally outside the scope of § 2255 relief. See United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." Watson v. United States, 175 F.3d 486, 488 (6th Cir. 1999).

A court should grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

### III.  ANALYSIS

Croft asserts six grounds for relief, though many grounds have several subparts. The Court will address each in turn. Croft bases his claims for relief on the theory that his counsel, both at the trial and appellate levels, was ineffective. Pursuant to the Sixth Amendment, a criminal defendant has the right to "reasonably effective assistance" of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Supreme Court has set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a

3

petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. Id. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. Id.

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." Id. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. Id. at 689. There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome of the proceeding. Id. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Id. at 686.

**A. First Amendment right to freedom of speech**

First, Croft argues that his First Amendment rights were violated because the Government is suppressing his freedom of expression. Pet. Mot. at 4 (Dkt. 121). He claims that he is the producer of a "legally recognized form of artwork called 'Child Erotica,'" and distinguishes "child erotica" from "child pornography." Id. Croft did not raise this issue on his

direct appeal, but states, without explanation, that this was due to ineffective assistance of counsel. Id. at 5.

The "general rule" is that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). To the extent that Croft claims that the "cause" for his failure to raise this claim on direct appeal was due to the ineffective assistance of his counsel, Croft cannot show that he was prejudiced from his counsel's failure to raise this argument on appeal. At sentencing, Judge Rosen reviewed samples of the photographs produced by Croft that the Government claimed constituted child pornography, as opposed to child erotica. He agreed that many of the images constituted child pornography, as the child's genitalia were clearly exposed. See 9/16/2014 Sentencing Tr. at 26-33. Judge Rosen also found that the photographs were taken "for the purpose of producing a visual depiction of such [sexually explicit] conduct." Id. at 34. In fact, he commented that he would have to be "literally and figuratively blind to say that there was not a purpose of producing [such] a visual depiction." Id.

Croft claims that these images presented at sentencing were "deleted outtakes produced inadvertently while creating Erotica image galleries." Pet. Mot. at 4. He claims that there is a "creative process used to create child erotica," and that this "entire process and its 'fall out' are protected free speech." Id. In his reply, he goes on at length regarding the distinction between child erotica and child pornography. This argument is meritless. Croft created images that the Court found constituted child pornography within the meaning of 18 U.S.C. § 2256,[2] not child

---

[2] Croft claims that the district court and appellate court referred to "the lascivious nature" of Croft's work, and "[t]here is no reference in [18] U.S.C.S. 2256 that states that a 'lascivious nature' is an element of the statute." Pet Mot. at 4. Title 18 U.S.C. § 2256(8) defines "child pornography" as "any visual depiction . . . of sexually explicit conduct, where . . . the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct." "Sexually explicit conduct," in turn, is defined as "lascivious exhibition of the anus, genitals, or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v).

5

erotica. As Croft himself points out, see Pet. Reply at 3 (Dkt. 147), child pornography is not protected under the First Amendment. See, e.g., United States v. Stevens, 559 U.S. 460, 471 (2010) (noting that child pornography is a category of speech "fully outside the protection of the First Amendment"). Thus, Croft cannot show that he was prejudiced by his counsel's failure to argue that the images he created were protected by the First Amendment, because any such argument would have been unsuccessful.

**B. Ineffective Assistance of Counsel – Fourth Amendment violations**

Second, Croft argues that his counsel was ineffective for failing to challenge a search warrant that was based on unsubstantiated anonymous cyber tips and "prejudiced reporting" from the National Center for Missing and Exploited Children ("NCMEC"). Pet. Mot. at 6. He therefore argues that the search of his premises was unjustified. Id. He also maintains that, at sentencing, the Government presented a computer disc that contained evidence obtained via an illegal search warrant. Id. Croft faults his counsel for not objecting.

In response, the Government says that Inspector Christopher, of the U.S. Postal Inspection Service, was the affiant on the search warrant for Croft's residence. Gov't Resp. at 9 (Dkt. 129). Christopher's affidavit provided that a tip from the NCMEC indicated that "Website 1" accepted payments for pictures of minors. Christopher also found "Website 2," which advertised hundred of images of minor girls for sale. Christopher connected Website 1 and Website 2 to Croft. The IP addresses for emails connected to Website 1 and 2 resolved to Croft's resident, and Croft also rented a P.O. box that Christopher linked to Websites 1 and 2. Christopher observed Croft access this P.O. box on at least one occasion. Additionally, NCMEC had received ten complaints related to Croft, and Croft was found in 2011 to possess numerous images of child pornography.

6

A magistrate judge's determination of probable cause is entitled to "great deference." United States v. Frechette, 583 F.3d 374, 379 (6th Cir. 2009). A reviewing court will only reverse the magistrate judge's decision if it was "arbitrarily made;" that is, if the court concluded that "the affidavit did not set forth a substantial basis for finding probable cause." Id. Here, Christopher's affidavit established the existence of probable cause, and therefore Croft's counsel's decision not to challenge the search warrant was not objectively unreasonable. Croft cannot establish that this was a violation of his Sixth Amendment rights.[3]

Croft's argument that his rights were violated because the Court considered suppressed evidence at sentencing is similarly without merit. "[I]llegally seized evidence, though inadmissible at trial, may nonetheless be considered in determining a defendant's offense level." United States v. Jenkins, 4 F.3d 1338, 1344 (6th Cir. 1993) (upholding district court's consideration of suppressed cocaine at sentencing where there was "no indication that this evidence was obtained to enhance defendants' sentences"). Croft's counsel did not err in failing to object to the consideration of this evidence.

Still under the heading of a Fourth Amendment violation, Croft also says that his appellate counsel was ineffective because, in his appellate brief, counsel referenced a six-part test adopted by the Sixth Circuit to determine whether photographs are lascivious. Pet. Mot. at 6. Apparently, Croft objects because "lascivious photographs" are not illegal. He also faults counsel for failing to request oral argument for his appeal or an en banc hearing, as counsel told Croft that he could not do it in "good conscience."

The statutory definition of child pornography, contrary to Croft's assertions, does refer to "lascivious" exhibition of the genitals or pubic area. See 18 U.S.C. § 2256(8)(A) (defining child

---

[3] In his reply brief, Croft argues for the first time that his counsel was defective in failing to request a Franks hearing. Pet. Reply at 12. A party waives an argument by raising it for the first time in reply. See Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 553 (6th Cir. 2008) ("[W]e have found issues to be waived when they are raised for the first time in . . . replies to responses.").

pornography as a visual depiction of a minor engaging in "sexually explicit conduct"); id. § 2256 (2)(A)(v) (defining "sexually explicit conduct" as "lascivious exhibition of the anus, genitals, or pubic area of any person"). The Sixth Circuit has applied a six-factor test for "lasciviousness," as set forth in United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986). See United States v. Brown, 579 F.3d 672, 680 (6th Cir. 2009). Appellate counsel was not ineffective by referencing binding law in his appellate brief.

Nor was counsel defective in failing to request oral argument on appeal, or to request an en banc hearing. Oral argument is not required when "a panel of three judges who have examined the briefs and record unanimously agree that oral argument is unnecessary." Fed. R. App. P. 34(a)(2). As the judges assigned to Croft's appeal made such determination, see 9/8/2015 Opinion at 1, it is unlikely that any request by Croft's counsel would have had any effect. At any rate, Croft offers no reason why the Sixth Circuit's decision would have been different if oral argument were to have taken place. As for requesting an en banc hearing, a party seeking an en banc hearing must provide a petition stating that the panel decision either conflicts with a Supreme Court decision, or involves a question of exceptional importance. Fed. R. App. P. 35(b). Croft's appeal did not meet such criteria, and his counsel correctly stated that he could not put forth such a petition in good conscience.

### C. Eighth Amendment

Next, Croft says that his Eighth Amendment right against cruel and unusual punishment was violated because he was required to comply with the Sex Offender Registration and Notification Act, 42 U.S.C. § 16901 et seq. ("SORNA"). Pet. Mot. at 7-8. He also says that he was housed in "inhumane" conditions during his pretrial detention. Id. at 8. Croft did not raise either argument on direct appeal; like his other claims, he simply states that the failure to do so was due to ineffective assistance of counsel, without any further explanation. See id. In his

8

reply brief, Croft elaborates that his counsel was ineffective for failing to request a downward departure and/or sentencing credit based on the deplorable prison conditions that he suffered in pretrial detention. Pet. Reply at 24.

Turning first to Croft's argument that his constitutional rights are violated by the Sex Offender Registration requirements, the Court concludes that Croft is not entitled to relief on this claim. As stated above, Croft must show cause for his failure to raise this argument on direct appeal. Massaro, 538 U.S. at 504. As he claims that he did not raise this argument due to the ineffective assistance of counsel, he must show that (1) his counsel's action in failing to raise this issue was "outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690; and (2) but for counsel's unprofessional errors, "the result of the proceeding would have been different," id. at 694.

Croft has not shown that counsel's failure to raise his Eighth Amendment claim on appeal was outside the range of professionally competent assistance. The Eighth Amendment prohibits the infliction of "cruel and unusual punishment." U.S. Const. amend. VIII. It prohibits "not only barbaric punishments, but also sentences that are disproportionate to the crime committed." Solem v. Helm, 463 U.S. 277, 284 (1983). Croft argues that imposing a fifteen-year registration term is greatly disproportionate to his crime given the fact that he was subject to a ten-year mandatory maximum. Pet. Reply at 21-22. However, several circuits have held that SORNA is a civil regulatory scheme, and does not impose punishment. See United States v. Under Seal, 709 F.3d 257, 263-264 (4th Cir. 2013) ("We find that SORNA is a non-punitive, civil regulatory scheme, both in purpose and effect. . . . Congress sought to create a civil remedy, not a criminal punishment."); United States v. Crews, 496 F. App'x 896, 900-901 (11th Cir. 2012) (rejecting appellant's argument that the registration requirement violates the Ex Post Facto Clause or the prohibition against cruel and unusual punishment); United States v. May, 535 F.3d 912, 920 (8th

9

Cir. 2008) ("SORNA's registration requirement demonstrates no congressional intent to punish sex offenders."), abrogated on other grounds by Reynolds v. United States, 565 U.S. 432 (2012). Croft does not cite any authority holding that the registration requirements of SORNA are punitive, such that they could violate the Eighth Amendment. "Counsel is not required by the Constitution to raise frivolous defenses or arguments to avoid a charge of ineffective representation." Chapman v. United States, 74 F. App'x 590, 593 (6th Cir. 2003). The Court, therefore, concludes that Croft's counsel was not ineffective. Accordingly, Croft has not shown cause for his failure to raise this argument on direct appeal.

The Court also rejects Croft's argument that his counsel was ineffective for failing to seek a downward departure based on the conditions of his pretrial detention. Croft relies on United States v. Ortiz, Nos. 06-858, 07-256, 2007 WL 4208802 (D.N.J. Nov. 27, 2007), in which the court noted that the Passaic County Jail, where the defendant was held pending trial, had many conditions that made the jail nearly unlivable, including overcrowding, the inability to sleep uninterrupted, dirty shower water, and food with roaches in it. Accordingly, the court granted the defendant a downward variance at sentencing. Id. at *3.

Croft also argues that the jails in which he was housed pending trial were inhumane. He says that upon arrival at the Sanilac County Jail, he was accosted by more than ten individuals and subsequently spent the remained of his time in protective custody. Pet. Reply at 26. During this time, he was not allowed fresh air, regular recreation time, or access to any legal library. Id. He was later housed at the Monroe County Jail, where he was stripped of all of his pain medication, and often locked down due to fights in the unit. Id. at 27.

Croft cannot show that, had his counsel raised such an argument at sentencing, the outcome of the proceeding would have been different. In Ortiz, the court granted an eight-month downward departure to account for the defendant's time spent in jail. 2007 WL 4208802 at *3.

Even assuming that Judge Rosen would have found that the conditions of the facilities in which Croft was housed were so deplorable as to warrant a downward departure, Croft cannot show that he ultimately would have received a lesser sentence. The guidelines range for Croft's sentence, when applying the cross-reference, was 210 to 262 months. See Sentencing Tr. at 37. However, because the statutory maximum was ten years, see 18 U.S.C. § 2252A(b)(2), Judge Rosen imposed a sentence of 120 months. Sentencing Tr. at 65-66 ("[E]ven though this is the statutory maximum the Court believes that this is, in fact, a lenient sentence. The defendant . . . could have been charged with and gone to trial and been convicted of production which would have incurred far greater sentences."). Even if Croft's guideline range had been lowered by twenty-seven months to account for his time spent in jail, this would still be well above the mandatory maximum of 120 months. Croft cannot show that his sentence would have been lowered. Accordingly, the Court finds that Croft cannot show that his counsel was ineffective for failing to raise this argument on appeal, and therefore cannot show cause for having failed to raise such argument on appeal.

**D. Ineffective Assistance of Counsel – Speedy Trial, Rule 11 Agreement, Guilty Plea**

Croft argues that his counsel was ineffective: (i) by failing to assert Croft's right to a speedy trial, (ii) by failing to insist on a Rule 11 plea agreement, (iii) because he coerced Croft to plead guilty, and (iv) by failing to object to Croft's pre-sentence report. Pet. Mot. at 9-10.

As for Croft's first argument, the Government responds that Croft's counsel was engaged in negotiations with the Government and was working toward a plea deal. Gov't Resp. at 17. Croft was originally charged with receipt of child pornography, which carried a five-year mandatory minimum and a twenty-year maximum. See 1st Superseding Information (Dkt. 16); 18 U.S.C. §§ 2252A(a)(2), (b)(1). The Government argues that Croft's plea, which dismissed the charge of receipt of child pornography, was the result of extensive negotiations, and that any

11

exercise of Croft's speedy trial rights would have disrupted the negotiations. Gov't Resp. at 17. The Government points out that there is no indication anywhere in the record, including at Croft's sentencing, that Croft wanted to expedite his case and proceed to trial. Id. at 18. The Government also argues that there is no prejudice, as the remedy for a Speedy Trial Act violation is dismissal with or without prejudice; given Judge Rosen's comments at sentencing regarding the seriousness of Croft's offense, it was highly unlikely that Judge Rosen would have dismissed the case with prejudice. Id. at 19.

The Court agrees with the Government. Croft has not shown that his counsel's failure to assert his speedy trial rights and instead to engage in plea negotiations was an error "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687. As Judge Rosen noted at sentencing, Croft was charged with production of child pornography, "which would have incurred [a] far greater sentence[]." 9/16/2014 Sentencing Tr. at 66. By pleading guilty only to receipt of child pornography, Croft received "a rather lenient sentence." Id.

Next, Croft argues that his counsel was defective because counsel did not insist that Croft plead under a Rule 11 Plea Agreement. At his plea hearing, Judge Rosen discussed with Croft the implications of pleading without a Rule 11 agreement. See Plea Hr'g Tr. at 11-12. Croft indicated that he understood the advantages and disadvantages of proceeding with and without a plea agreement. Id. Additionally, the Government explains that accepting a Rule 11 Agreement would have required Croft to agree to the applicability of the U.S.S.G. § 2G2.2 cross-reference, which Croft objected to at sentencing, on appeal, and objects to now during this collateral proceeding. Gov't Resp. at 20-21. Croft cannot object to the application of this cross-reference and at the same time argue that his counsel was ineffective for failing to accept an agreement that would have applied the cross-reference.

Next, Croft claims that his counsel coerced him into pleading guilty. He claims that counsel failed to explain to him was a "PSI" (presumably a pre-sentence investigation report) was, what a 2G2 enhancement was, and that he would receive a fifteen-year "sentence" in the form of registry as a sex offender. Pet. Reply at 28. Croft says that although counsel informed him that 120 months was the maximum sentence he could receive, counsel promised him that this could never happen. Id. He also says that the conditions of his pretrial detention housing coerced him into pleading guilty. Id.

At the plea hearing, Judge Rosen asked whether anyone was "forcing you to plead guilty by coercing you, threatening you, intimidating you or any member of your family?" 2/20/2014 Hr'g Tr. at 27. Croft said no. Judge Rosen asked whether Croft was "pleading guilty freely and voluntarily; nobody is forcing you to do this by threatening you, intimidating you, coercing you or any member of your family." Croft agreed that this was true. Id. at 28. Croft stated that he was pleading guilty because he was, in fact, guilty of the crime. Id. His belated claim that he was coerced is unconvincing. See United States v. Malik, 615 F. App'x 911, 914-915 (10th Cir. 2015) (rejecting defendant's argument that his guilty plea was "the product of an excessive and inherently coercive period of pretrial detention" where defendant never presented this argument to the district court but instead filed a written statement saying that no promises or threats had been made to induce his plea, and stated the same under oath in open court).

Judge Rosen informed Croft that his charge carried a penalty of up to ten years of incarceration. 2/20/2014 Hr'g Tr. at 15. He explained to Croft that the Probation Department would prepare a pre-sentence investigation report, and informed him that his sentencing guideline range would be the product of a number of different factors. Id. at 19-20. The Government then explained that it would be seeking a cross-reference that would create a guideline range that would be above 120 months; Judge Rosen confirmed that the Government's

13

position was that Croft's sentence would be 120 months. Id. at 21. Defense counsel stated his position that the guidelines should be scored at 37 to 46 months. Id. at 22. Thus, even if counsel did not inform Croft of these facts, Croft was made aware of them at his plea hearing. "A trial court's proper plea colloquy cures any misunderstanding that a defendant may have had about the consequences of his plea." United States v. Winans, No. 12-20598, 2017 WL 1354138, at *9 (E.D. Mich. Apr. 13, 2017) (citing Ramos v. Rogers, 179 F.3d 560, 565 (6th Cir. 1999)). Croft cannot show that his counsel's actions prejudiced him.

Lastly, Croft argues that his counsel was ineffective in failing to file objections to Croft's pre-sentence report ("PSR"). Pet. at 10. This issue was addressed extensively by counsel and the Court at Croft's sentencing. Judge Rosen admonished defense counsel for his failure to file timely objections. See 9/16/2014 Sentencing Tr. at 3-9. He acknowledged "the disadvantage [counsel] place[d] the Court in to say nothing of [his] client." Id. at 7. However, Judge Rosen then permitted defense counsel to present his argument that the cross-reference to § 2G2.2(c)(1) in the Sentencing Guidelines should not apply. Id. at 10.

Counsel argued at sentencing that the cross-reference should not apply because the photographs Croft took himself did not constitute child pornography, and because Croft did not have the intent to create such sexually explicit conduct. Id. at 11-12. The Court then extensively reviewed the photographs taken by Croft. Judge Rosen determined that the photographs fell within the definition of child pornography, and that he would have to be "literally and figuratively blind to say that there was not a purpose of producing a visual depiction. So whether to say there is a general intent or a specific intent statute I find that the defendant's conduct falls within U.S. Sentencing Guideline 2G2.2(c)(1)." Id. at 33-34. Defense counsel then confirmed that there were no other issues that he wanted to bring to the Court's attention. Id. at 36.

14

Thus, even assuming that counsel's failure to file objections to the PSR constituted deficient performance within the meaning of Strickland, Croft cannot show that the second prong of the Strickland test is satisfied. Judge Rosen permitted Croft's attorney to argue all of his objections to the PSR at sentencing, and therefore Croft was not prejudiced by his counsel's failure to file the objections. Even if the Court would have had more time to consider the arguments had his counsel timely filed the objections, Croft has not shown that "but for counsel's unprofessional errors, the result of the proceeding would have been different," Strickland, 466 U.S. at 694, or that his "sentence was increased by the deficient performance of his attorney," Spencer v. Booker, 254 F. App'x 520, 525 (6th Cir. 2007).

### E. Fifth Amendment Due Process

Croft claims that his right to due process was violated when the Court applied an enhancement under 2G2 of the Sentencing Guidelines. Pet. Mot. at 11. Croft claims that the definition of "lascivious exhibition of the genitals" is unconstitutionally void for vagueness. Id.

The Sixth Circuit already addressed the application of the cross-reference to U.S.S.G. § 2G2 on direct appeal. See 9/8/2015 6th Cir. Op. at. 2-3. As "[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances," DuPont v. United States, 76 F.3d 108, 110 (6th Cir. 1996), Croft cannot now argue that this application was in error.

To the extent Croft is arguing that his counsel was ineffective for failing to raise a due-process challenge on appeal, this argument also fails. Several circuits have rejected arguments that "lascivious" is unconstitutionally vague. See, e.g., United States v. Hill, 142 F. App'x 836, 837-838 (5th Cir. 2005); United States v. Reedy, 845 F.2d 239, 241 (10th Cir. 1988); United States v. Freeman, 808 F.2d 1290, 1292 (8th Cir. 1987); United States v. Wiegand, 812 F.2d 1239, 1244 (9th Cir. 1987) ("'Lascivious' is no different in its meaning than 'lewd,' a

15

commonsensical term whose constitutionality was specifically upheld in <u>Miller v. California</u>, 413 U.S. 15 (1973) and in [<u>New York v.</u>] <u>Ferber</u>, 458 U.S. at 765."); <u>see also</u> <u>United States v. Long</u>, 831 F. Supp. 582, 587 (W.D. Ky. 1993) (rejecting defendant's argument that "lascivious" is vague and overbroad because the statute originally contained the word "lewd" instead, noting that defendant had "not cited any authority to support his contentions that the definitions contained in § 2256 render the Act unconstitutional").

In contrast, Croft does not point to any authority finding that the term "lascivious" is unconstitutionally void for vagueness.[4] With the weight of authority against this position, the Court cannot say that it was objectively unreasonable for Croft's counsel not to raise this argument. See <u>Krist v. Foltz</u>, 804 F.2d 944, 946 (6th Cir. 1986) ("An attorney is not required to present a baseless defense or to create one that does not exist."). The Court will accord counsel the required deference to their performance, and conclude that counsel's failure to argue that Croft's due process rights were violated does not render the representation ineffective.

**F. Fourteenth Amendment**

Finally, Croft argues that he was denied equal protection under the Fourteenth Amendment. Pet. Mot. at 12. It is unclear what the basis is for this claim, but Croft seems to argue that because the Government did not initiate an investigation into copyright infringement of Croft's photographs, and because other individuals on the internet possess child pornography and have not been prosecuted, Croft's rights were violated. This argument is meritless. The Government's actions, or lack thereof, toward other individuals have no bearing on whether

---

[4] Croft relies heavily on one opinion, <u>United States v. Hilton</u>, 999 F. Supp. 131, 136-137 (D. Me. 1998), where the court found the definition of "child pornography" to be unconstitutionally vague, because it included visual depictions that appear to be of minors engaged in sexually explicit conduct, and therefore created "substantial uncertainty for viewers presented with materials depicting post-pubescent individuals[.]" The opinion does not discuss the term "lascivious."

Croft was properly convicted of possession of child pornography. Croft does not argue that he is a member of a protected class such that he could establish an equal protection claim.

### G. Supplemental Brief – <u>Dimaya</u> claim

In a supplemental brief, Croft argues that the Supreme Court's recent decision in <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2018), supports his argument that the definitions in 18 U.S.C. § 2256 are unconstitutionally void for vagueness. Pet. Am. Reply Br. at 1-2 (Dkt. 153). In <u>Dimaya</u>, the Supreme Court held that a "crime of violence," as incorporated into the Immigration and Nationality Act's definition of aggravated felony, was impermissibly vague, in violation of due process. <u>Dimaya</u>, 138 S. Ct. at 1210-1211. Croft states that Chief Justice Roberts, in his concurring opinion, opined that the holding in <u>Dimaya</u> would impact the constitutionality of sex offense statutes. Pet. Am. Reply Br. at 2. This is not true. Chief Justice Roberts authored a dissent in <u>Dimaya</u>, but said nothing about sex offenses or pornography. Croft fails to explain how <u>Dimaya</u> helps his case, other than to support the already-established prohibition of vagueness in criminal statutes. As the Court explained above, Croft cannot show that his counsel erred in failing to argue that the term "lascivious" was void for vagueness.

## IV. CERTIFICATE OF APPEALABILITY

Because Croft's claims for relief lack merit, the Court will also deny a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-484 (2000). For the reasons stated above, the Court will deny Croft a certificate of appealability because reasonable jurists could not find this Court's assessment of his claims debatable.

## V. CONCLUSION

For the reasons provided, the Court denies Petitioner Donald Croft's motion to vacate his sentence under 28 U.S.C. § 2255 (Dkt. 121) and denies Croft a certificate of appealability.

SO ORDERED.

Dated: February 12, 2019  
       Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 12, 2019.

s/Karri Sandusky  
Case Manager